IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                                   PLAINTIFF/RESPONDENT

V.                              No.  2:05-CR-20058
                                No.  2:09-CV-02021

CHUCKY L. WANTON                                                            DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 98) filed March 16, 2009.  The United States of America filed a Response (Doc. 100) on April 6, 2009.  The Petitioner has not filed a Reply but filed a Motion for Reconsideration (Doc. 102) on April 20, 2009.

### I.  Background

On August 11, 2005, an Indictment was returned against Petitioner charging him with two counts of distribution of more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). (Doc. 1) Petitioner was arrested on January 17, 2006, arraigned on January 20, 2006, and ordered detained pending trial. (Docket 3 and 4) On March 8, 2006 a Superseding Indictment was filed adding a charge of Conspiracy to Distribute Cocaine Base to the counts previously charged in the Indictment. (Docket 29) On March 15, 2006, Petitioner was arraigned on the Superseding Indictment. (Docket 30)

On July 11, 2006, Petitioner, pursuant to a written plea agreement, plead guilty to count 3 of the Superseding Indictment charging him with distribution of more than 50 grams of cocaine base. (Docket 73) On September 25, 2006, Petitioner was sentenced to 135 months

imprisonment, 5 years supervised release, $2000 fine, and $100 special assessment on count 3 and counts 1 and 2 of the Superseding Indictment were dismissed. (Docket 76-78) On October 4, 2006, Petitioner filed a notice of appeal of his sentence. (Docket 79) On October 18, 2007, the Eighth Circuit entered its Judgement affirming the district court's sentence. See, Eighth Circuit Docket case #06-3502 and *United States v. Wanton*, 251 Fed. Appx. 370 ( 8th Cir. 2007).

On December 14, 2007, Petitioner filed a Motion for the Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582 based on the amendments to the Sentencing Guidelines ( Amendments 706 and 711), reducing offense levels for crack cocaine by two levels. (Docket 89) On March 24, 2008, the court denied Petitioner's motion for retroactive application of the sentencing guidelines. (Docket 92) On April 9, 2008, Petitioner filed a notice of appeal. (Docket 93) On May 7, 2008, the Eighth Circuit entered its Judgement summarily affirming the district court's denial of Petitioner's Motion for the Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582. See, Eighth Circuit Docket case #08-1813 and *United States v. Wanton*, 525 F.3d 621( 8th Cir. 2008). On March 16, 2009, Petitioner filed the Petition which is currently before the court. (Docket 98) The Petitioner has styled his Motion as a Motion Pursuant to 28 U.S.C., section 1651(a) and has claimed that his counsel was ineffective and that there was "no nexus to commerce" in the Petitioner's charged offense.

## II.  Discussion

**A.  Construing the Petition as Audita Querela:**

A defendant in a criminal case may use coram nobis to challenge his conviction when: (1) he "has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255"; and (2) he is suffering "continuing consequences" from the conviction. *United States v. Stoneman*,

870 F.3d 102, 105-06 (3d Cir.1989). Defendant cannot satisfy the first part of this test. He is still in custody on his conviction. Hence, he cannot rely on coram nobis. See *United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir.2000 (coram nobis unavailable to a defendant who was still in custody on the conviction being challenged).

A Writ of Audita Querela is used to challenge a judgment that was correct at the time it was issued, but which was rendered infirm by matters that arose after its issuance. *Durrani v. U.S.*, 294 F. Supp. 2d 204 (D. Conn. 2003), aff'd, 115 Fed. Appx. 500 (2d Cir. 2004); *Hanan v. U.S.*, 402 F. Supp. 2d 679 (E.D. Va. 2005), order aff'd, 213 Fed. Appx. 197 (4th Cir. 2007).

A person seeking a writ of audita querela must show a legal defense or discharge to the judgment; a "legal defense" concerns a legal defect in the underlying sentence or conviction. *U.S. v. Hovsepian*, 359 F.3d 1144, 13 A.L.R. Fed. 2d 845 (9th Cir. 2004).

Writs of audita querela and coram nobis "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir.1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id*. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id*.

The Petitioner has not shown any legal defect in the underlying sentence. The very issue that the Petitioner alleges in the current motion was the bases of his Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses (Doc. 89) filed December 18, 2008. That Motion was denied by the District Court (Doc. 92) on March 24, 2008 and the specific issue was appealed to the Eighth Circuit Court of Appeals (Doc. 94) and was denied (Doc. 97) on May 28, 2008.

**B. Construing the Petition as a Motion under 28 U.S.C. § 2255:**

To the extent that Wanton's motion is construed as a petition to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255, it must be denied as untimely. "A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year statute of limitations that generally runs from 'the date on which the judgment of conviction becomes final.'" *United States v. Rivera*, 2008 WL 5283853, 3 ( 8th Cir. 2008) ( citing 28 U.S.C. § 2255 ¶ 6(1)). "By definition, a judgment becomes final when it can no longer be appealed." Id.

For a defendant who files an appeal of his conviction and/or sentence but who does not file petition for writ of certiorari, the one year statute of limitation begins to run 90 days after entry of judgment by the Court of Appeals. *Unites States v. Lamb*, Slip Copy, 2008 WL 4411396 (8th Cir. 2008) ( citing *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari ... on direct review, § 2255's one-year statute of limitations period starts to run when the time for seeking such review expires."); Sup.Ct. R. 13.1 (stating that a petition for certiorari must be filed within 90 days after the judgment (and not the mandate) is entered)).

In this case, the judgment of the Court of Appeals was dated and filed on October 18, 2007. Since Wanton did not file a petition for writ of certiorari, the statute of limitations began to run 90 days thereafter, on January 16, 2008. Thus, the one year statute of limitation required Wanton to file a Petition pursuant to 28 U.S.C. § 2255 on or before January 16, 2009.  The filing of a motion under 18 U.S.C. section 3582(c) does not extend the statute of limitations under 28 U.S.C. section 2255. (See *U. S. V. Auman*, 8 F. 3d, 1268, C.A.8 (1993)) See 18 U.S.C.  § 3582(b)

Because Wanton's motion was signed by him on March 10, 2009, and filed on March 16, 2009, the statute of limitation bars his claims under 28 U.S.C. § 2255, however, even if the limitations provision did not prevent the claim, the Petitioner's Motion is without merit.

### 1. Ineffective Assistance of Counsel

The Petitioner contends that his counsel was ineffective and states that "[I]f Lawyers can't refer to the Constitution – our founding documents, the framework for all our laws and our guarantee that the government can't trample our right during a trial then what's left?  Without the Constitution a trial is rigged, a defendant is left defenseless."

It should be pointed out that the Petitioner did not go forward with a trial but entered a Plea Agreement (Doc. 74) on July 11, 2006 and was sentenced pursuant to that agreement and after a hearing which was held September 14, 2006 and judgment entered (Doc. 78) on September 25, 2006.

The Petitioner asserts that his counsel was ineffective for allowing past relevant conduct to be considered by the court.  Paragraph twelve of The Plea Agreement (Doc. 74) provided that "At ths sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by 181.3 of the Sentencing Guidelines."  (Doc. 74, p. 6)

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To

establish a claim of ineffective assistance of counsel, Petitioner must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible

options are virtually unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052).

Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *Rice*, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007)(*citing Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999)

First, since Wanton's argument that his sentence was improper was raised on appeal and rejected by the Eighth Circuit, it cannot now be the basis for a § 2255 claim. The Eighth Circuit has repeatedly held that issues decided on direct appeal may not be raised in petitions under § 2255. *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) ; *United States v. Gaus*, 751 F.2d 1506, 1507 (8th Cir. 1985). In this case, Wanton filed an appeal challenging his sentence. The Eighth Circuit rejected this appeal. *United States v. Wanton*, 251 Fed.Appx. 370 (8th Cir.2007). The court found that the sentence was reasonable, that the district court properly considered the factors in 18 U.S.C. § 3553(a), and that after an independent review of the record, there were no non frivolous issues. *Id*. Wanton's subsequent claim that he was entitled to a reduction in his sentence based on the amendments to the Sentencing Guidelines was also rejected on appeal. *United States v. Wanton*, 525 F.3d 621( 8th Cir. 2008). Since Wanton's claims regarding his sentence were considered and resolved adversely to him on direct appeal, they are not cognizable under section 2255.

Second, the district court's determination that Wanton's relevant conduct involved more than 4.5 kilograms of cocaine base was proper based on Wanton's own post arrest admission that he had been involved in distributing a kilogram a week for at least a year. ( Pre-Sentence Investigation Report paragraphs 16-19). The Eighth Circuit has held it proper for a district court to determine drug quantity for purposes of relevant conduct based on a defendant's post arrest statement . See, *United States v. Wright*, 29 F.3d 372 (8th Cir.1994), ( relevant conduct properly determined based on defendant's post arrest statement regarding the amount of drugs that she had received); United States v. Cox, 985 F.2d 427, 431 (8th Cir.1993) ("The court's approximation-based on Cox's own account of his activities-was not clearly erroneous."). Thus

the district court properly held that for purposes of relevant conduct Wanton was responsible for more than 4.5 kilograms of cocaine base.

Third, counsel for Wanton was not ineffective for withdrawing his objection to the finding of relevant conduct because the finding was correct but also because it was part of a stipulation with the government which greatly benefitted Wanton and to which Wanton specifically agreed. Prior to sentencing, counsel for Wanton objected to the findings in the PSR that relevant conduct involved more than 4.5 kilograms of cocaine base and to a two level enhancement for Wanton possessing a firearm. At sentencing, the government and Wanton agreed to a stipulation whereby Wanton would withdraw his objection to the relevant conduct provisions in exchange for the government agreeing to Wanton's objection to the two level enhancement for possession of a firearm and agreeing that Wanton should receive a two level reduction pursuant to the safety valve provision. (Sentencing Transcript p. 6.) The court specifically addressed Wanton regarding this stipulation ( p.7-8) and his right to have the government prove the relevant conduct ( p.9 ), and Wanton acknowledged to the court that he agreed with this stipulation. (p.10)

Counsel's decision to withdraw the objection to the relevant conduct ( an objection which was likely not to prevail) in order to win the government's agreement to accept an objection (which may not have otherwise prevailed) was a reasonable strategy which gained for Wanton a 5 level reduction in his offense level. Because the decision to withdraw the objection to relevant conduct was a reasonable if not wise strategy to which Wanton agreed, it does not constitute ineffective assistance of counsel. See, *Williams v. United States*, 343 F.3d 947 (8th Cir. 2003)(Defense counsel's advice that defendant withdraw his pending motion for withdrawal of

his plea of guilty to drug conspiracy offense, in exchange for an agreement with prosecutor to limit applicable sentencing guideline range, was a reasonable strategy, and thus defendant was not deprived of effective assistance of counsel).

### 2. Commerce Clause

Wanton also argues that the statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional because it violates the Commerce Clause. This argument is without merit as the Eighth Circuit has repeatedly affirmed Congress's ability to regulate both the interstate and the intrastate manufacture and distribution of controlled substances under its commerce power. See United States v. Carter, 294 F.3d 978, 981 (8th Cir.2002); United States v. Davis, 288 F.3d 359, 361-62 (8th Cir.2002); United States v. Peck, 161 F.3d 1171, 1174 (8th Cir.1998).

### C: Evidentiary Hearing

The Petitioner has requested an evidentiary hearing. Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998)

The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### D. Motion for Reconsideration

The Petitioner has also filed a Motion for Reconsideration of the Order entered by the court (Doc. 92) which denied the Motion to Reduce. The Petitioner's Motion for Reconsideration is without merit as the Petitioner appealed the court's order denying the motion to reduce and the court's order was affirmed on appeal (Doc. 97) on May 28, 2008.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, and the Motion for Reconsideration be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 28th day of April 2009.

                    /s/ J. Marschewski
                    HONORABLE JAMES R. MARSCHEWSKI
                    UNITED STATES DISTRICT JUDGE